884 F.2d 1389
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Ricky Lee LOCKLEAR, Plaintiff-Appellant,
v.
Austin GEORGE, Pete Williams, Hubert Stone, Thomas A.
Ritter, Robert C. Lewis, Defendants-Appellees.
 No. 89-7078.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 8, 1989.
Decided Aug. 15, 1989.
 
 Ricky Lee Locklear, appellant pro se.
 Joseph Carl Ward, Jr., Ward, Strickland & Kinlaw, James Redfern Morgan, Jr., Allan R. Gitter, Womble, Carlyle, Sandridge & Rice, John R. Corne, Office of the Attorney General of North Carolina, for appellees.
 Before WIDENER, PHILLIPS, and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ricky Lee Locklear, a state prisoner, submitted his notice of appeal to prison authorities outside the 30-day period established by Fed.R.App.P. 4(a)(1).* It was therefore untimely. See Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428). In addition, he failed to move for an extension of the appeal period within the additional 30-day period provided by Fed.R.app.P. 4(a)(5).
 
 
 2
 The time periods established by Fed.R.App. 4 are "mandatory and jurisdictional." Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Appellant's failure to note a timely appeal or obtain an extension of the appeal period deprives this Court of jurisdiction to consider this case. We therefore grant appellees' motion to dismiss the appeal. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 3
 DISMISSED.
 
 
 
 *
 For the purposes of this appeal, we assume that the date Locklear placed on the notice of appeal is the earliest date he would have submitted it to prison authorities